

ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

April 6, 2006

The Honorable Jeff Wentworth
Chair, Committee on Jurisprudence
Texas State Senate
Post Office Box 12068
Austin, Texas 78711

Opinion No. GA-0420

Re: Whether private schools must accept for enrollment children who have received an exemption from the immunizations required by the Texas Health and Safety Code (RQ-0403-GA)

Dear Senator Wentworth:

You ask whether "private schools, from preschool through secondary school, must accept for enrollment children who have received an exemption from immunizations required under the Texas Health and Safety Code."[1] You state that "Texas law is unclear what child immunization laws, specifically those establishing an exemption from immunization requirements, apply to children enrolled or seeking enrollment in private schools." Request Letter, *supra* note 1, at 1. You refer us to sections 161.004 and 81.023 of the Health and Safety Code and to section 38.001 of the Education Code.[2] Our discussion will review the interplay among these statutes as well as rules adopted thereunder.

Section 161.004 of the Health and Safety Code declares that "[e]very child in the state shall be immunized against vaccine preventable diseases caused by infectious agents in accordance with

---

[1]Letter from Honorable Jeff Wentworth, Chair, Committee on Jurisprudence, Texas State Senate, to Honorable Greg Abbott, Attorney General of Texas (Oct. 11, 2005) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

[2]You also refer to section 42.043 of the Human Resources Code, which provides that the Department of Human Services "shall make rules for the immunization of children in facilities regulated under this chapter," *i.e.*, certain facilities, homes and agencies that provide child-care services. *See* TEX. HUM. RES. CODE ANN. § 42.043 (Vernon Supp. 2005). Section 42.041 declares that "[n]o person may operate a child-care facility or child-placing agency without a license issued by the department." *Id.* § 42.041(a). That statute also provides that "[t]his section does not apply to . . . (7) an educational facility accredited by the Texas Education Agency or the Southern Association of Colleges and Schools that operates primarily for educational purposes in grades kindergarten and above, an after-school program operated directly by an accredited educational facility, or an after-school program operated by another entity under contract with the educational facility, if the Texas Education Agency or Southern Association of Colleges and Schools has approved the curriculum content of the after-school program operated under the contract." *Id.* § 42.041(b). We assume for purposes of this opinion that the "private schools" to which you refer are excepted from licensing as a "child-care facility" under subchapter C of chapter 42 of the Human Resources Code. Accordingly, we do not address the applicability of section 42.043 of that code.

the immunization schedule adopted by the board." TEX. HEALTH & SAFETY CODE ANN. § 161.004 (Vernon Supp. 2005). The "board" referred to in this statute is the former Texas Board of Health, now the Texas Department of State Health Services (the "Department"). *See* Act of June 2, 2003, 78th Leg., R.S., ch. 198, §§ 1.09, 1.26, 2003 Tex. Gen. Laws 611, 618–23, 641. "Child" is defined in section 161.004 as "a person under 18 years of age." TEX. HEALTH & SAFETY CODE ANN. § 161.004(e) (Vernon Supp. 2005). Hospitals are responsible for "referring newborns for immunization" and for "administering needed vaccinations or referring the child for immunization." *Id.* § 161.004(b)(1), (3). Physicians are responsible for "reviewing the immunization history of every child examined and administering any needed vaccinations or referring the child for immunization." *Id.* § 161.004(c).

Section 161.004 also provides that a child is "exempt from an immunization required by this section" if:

> (1) a parent, managing conservator, or guardian states that the immunization is being declined for reasons of conscience, including a religious belief; or
>
> (2) the immunization is medically contraindicated based on the opinion of a physician licensed by any state in the United States who has examined the child.

*Id.* § 161.004(d). Although section 161.004(d) provides for exemptions from immunization, it does not refer to immunization as a requirement for admission to a school of any kind, nor does it refer to exemptions from immunization in the context of admission to a school. By contrast, section 38.001 of the Education Code provides for immunization requirements and exemptions for students admitted to public schools. Each student enrolled in a public school must be "fully immunized against diphtheria, rubeola, rubella, mumps, tetanus, and poliomyelitis, except as provided by Subsection (c)." TEX. EDUC. CODE ANN. § 38.001(a) (Vernon Supp. 2005). Subsection (c), however, declares that "[i]mmunization is *not required* for a person's admission to any elementary or secondary school if," *inter alia*, the person submits to the admitting official one of two kinds of affidavit. *Id.* § 38.001(c)–(c-1) (emphasis added). Those affidavits must be based upon circumstances similar to those specified in subsection 161.004(d) of the Health and Safety Code, *i.e.*, (1) significant medical risk, or (2) reasons of conscience, including a religious belief. *Id.* § 38.001(c). Section 38.001, like the entirety of the Education Code, specifically applies to children who attend public schools. *See id.* § 1.001 ("This code applies to all educational institutions supported in whole or in part by state tax funds unless specifically excluded by this code.").

The other statute about which you inquire is section 81.023 of the Health and Safety Code. That provision requires the Department, *inter alia*, to "cooperate with the State Board of Education in formulating and implementing immunization requirements for students admitted to *public or private* primary or secondary schools." TEX. HEALTH & SAFETY CODE ANN. § 81.023(c) (Vernon Supp. 2005) (emphasis added). By virtue of this provision, the Department must formulate immunization requirements for students *admitted* to both public and private schools. The language

of the statute makes clear that the "immunization requirement" is not applicable to students who merely apply for enrollment to a public or private school. Rather, it directs the Department to formulate and implement immunization requirements for those students who have already been accepted for enrollment in a private school. Moreover, section 81.023 does not itself direct the Department to formulate *exemptions* from immunization requirements. We conclude therefore that a private school that does not accept state tax funds is not required to accept for enrollment a child who has received an exemption from the immunizations required by the Health and Safety Code.

Pursuant to sections 81.023(c) and 161.004 of the Health and Safety Code, discussed previously, the Department has adopted Rule 97.62, which states:

> Exclusions from compliance [with immunization requirements] *are allowable* on an individual basis for medical contraindications, reasons of conscience, including a religious belief, and active duty with the armed forces of the United States. Children and students in these categories must submit evidence for exclusion from compliance as specified in the Health and Safety Code [sections] 161.004(d) [and] 161.0041, Education Code, Chapter 38 [and] Chapter 51, and the Human Resources Code, Chapter 42.

25 TEX. ADMIN. CODE § 97.62 (2005) (emphasis added). Rule 97.62—in contrast to section 38.001 of the Education Code, which *requires public* schools to recognize exemptions from immunization—merely states that such exemptions, for both public and private schools, "are allowable." *Id.* The question before us is thus whether the statement in section 38.001 of the Education Code that immunizations are "not required" in certain circumstances has the same meaning as the statement in Rule 97.62 that exemptions from immunization "are allowable." In our view, to declare that an exemption is "allowable" is not equivalent to declaring that an exemption from immunization must be accepted by a school. We are supported in this conclusion by the language of section 81.023(c), under which the Department is directed to formulate and implement immunization requirements for only those students who have already been enrolled in a private school. The Department is not authorized to impose those requirements for mere applicants to a private school. Thus, the language of section 81.023(c) itself bolsters the rule's distinction between "not required" and "allowable." We conclude therefore that a private school that does not accept state tax funds is not required to accept for enrollment a child who has received an exemption from the immunizations required by the Texas Health and Safety Code.

## S U M M A R Y

A private school that does not accept state tax funds is not required to accept for enrollment a child who has received an exemption from the immunizations required by the Texas Health and Safety Code.

Yours very truly,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee